IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,                    No. CIV S-06-1994 WBS DAD P

    vs.

J. BROWN, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff has filed a request for leave to amend his complaint, together with a proposed first amended complaint. Therein, plaintiff explains that he has now identified the defendant he refers to as John Doe 1 in his original complaint. Defendants, who have filed an answer to plaintiff's original complaint, have not filed either an opposition or a statement of non-opposition to plaintiff's request.

        Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. <u>See</u> Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. <u>Id.</u> The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). This liberality in granting leave to

1

amend is not dependent on whether the amendment will add new parties. DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Rather, as the Supreme Court has articulated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182. See also Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).

Here, the court finds that it would be futile for plaintiff to amend his complaint. In his proposed amended complaint, plaintiff alleges that prior to the start of Ramadan, he and several of his fellow inmates notified the officers in charge of his housing unit that they were going to practice the Muslim Ramadan fast. Plaintiff further alleges that he sent inmate correspondence to defendant Mohamed to inform him that he and his fellow inmates were sincerely anticipating observing the fast. Without more, plaintiff summarily concludes that defendants, including Mohamed, failed to ensure that he and his fellow inmates were allowed to exercise their rights under the First Amendment and Religious Land Use and Institutionalized Persons Act.

The allegations in plaintiff's proposed amended complaint against defendant Mohamed are so vague and conclusory that the court is unable to determine whether they are frivolous or fail to state a claim for relief. Plaintiff has failed to allege with sufficient particularity the overt acts which defendant Mohamed engaged in that support his claims. Specifically, plaintiff has failed to allege in what way defendant Mohamed interfered with his exercise of religion. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, plaintiff's request to amend his

/////

complaint will be denied, and the case will proceed on plaintiff's original complaint and the court's discovery order.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August 6, 2007 request to amend his complaint is denied.

DATED: June 18, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wash1994.10mod