IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,                                No. CIV S-06-1994 WBS DAD P

  vs.

J. BROWN, et al.,

    Defendants.                              ORDER

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's supplemental motion to compel.

**PROCEDURAL HISTORY**

    On January 21, 2009, the court granted plaintiff's motion for leave to file an amended complaint. Specifically, the court found that plaintiff's then-proposed amended complaint appeared to state cognizable claims for relief against Chaplain Mohamed, previously referred to as John Doe in plaintiff's original complaint, under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The court also found that plaintiff's proposed amended complaint appeared to state cognizable claims against defendants Kissinger and Brewer under RLUIPA. See 42 U.S.C. § 1983 & 28 U.S.C. § 1915A(b).

1

On March 25, 2009, the court re-opened discovery in this matter, but limited discovery to plaintiff's newly added First Amendment and RLUIPA claims against Chaplain Mohamed and plaintiff's new claims against defendants Brewer and Kissinger under RLUIPA.

**PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL**

I. <u>Plaintiff's Motion</u>

In his supplemental motion to compel, plaintiff argues that defendants Brewer and Kissinger have failed to adequately respond to his second set of interrogatories.  Specifically, plaintiff argues that the defendants objected to his discovery requests on the grounds that he purportedly exceeded the number of interrogatories allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff contends that the court re-opened discovery to allow for additional discovery with respect to these claims.  (Pl.'s Mot. to Compel. at 3-4 & Exs. 2-3.)

Plaintiff also argues that defendant Kissinger's objections to his second set of requests for admissions and requests for production of documents were untimely and should be deemed waived as untimely. (Pl.'s Mot. to Compel. at 5 & Ex. 3.)

II. <u>Defendants' Opposition</u>

In opposition to plaintiff's motion, defense counsel argues that defendants Brewer and Kissinger properly objected to plaintiff's second set of interrogatories because, without authorization from the court to serve additional interrogatories and without obtaining a stipulation from defendants to serve additional interrogatories, plaintiff's second set of interrogatories exceeded the number of interrogatories a party may serve on any other party under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  Defense counsel notes that, on March 20, 2007, plaintiff served defendants Brewer and Kissinger each with twenty-five interrogatories, and those defendants timely responded to those interrogatories. (Defs.' Opp'n to Pl.'s Mot. to Compel at 2 & Exs. A-B.)

Defense counsel also argues that defendant Kissinger timely served his responses to plaintiff's second set of requests for admissions and requests for production of documents.

Under the court's discovery order, responses to written discovery requests are due forty-five days after the request is served. According to defense counsel, on April 27, 2009, plaintiff served defendant Kissinger with a second set of requests for admissions and requests for production of documents and on June 11, 2009, defendant Kissinger timely served plaintiff with his responses. (Defs.' Opp'n to Pl.'s Mot. to Compel at 2 & Ex. D.)

III. <u>Plaintiff's Reply</u>

In reply, plaintiff reiterates the arguments set forth in his motion and asks the court to compel defendants to submit further responses to plaintiff's second set of interrogatories. Plaintiff also asks the court to deem defendant Kissinger's objections to plaintiff's second set of requests for admissions and requests for production of documents waived as having been untimely asserted. (Pl.'s Reply at 1-2.)

**DISCUSSION**

As noted above, on March 25, 2009, the court re-opened discovery in this matter but limited the scope of the re-opened discovery to plaintiff's new First Amendment and RLUIPA claims against Chaplain Mohamed and with respect to plaintiff's new claims against defendants Brewer and Kissinger under RLUIPA. Rule 33(a)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1).

To the extent the court's order re-opening discovery was unclear, it was the undersigned's intent to authorize the parties to pursue further discovery with respect to plaintiff's new claims against defendants Brewer and Kissinger under RLUIPA and to allow for additional interrogatories and other discovery requests limited to those claims. The court has conducted a cursory review of plaintiff's second set of interrogatories, and he appears to have limited the

3

scope of his discovery requests in accordance with the court's order. Accordingly, good cause appearing, the court will grant plaintiff's motion to compel in this regard and order defendants Brewer and Kissinger to submit responses to plaintiff's second set of interrogatories within thirty days of the date of this order.

However, contrary to plaintiff's argument, defendant Kissinger timely served his responses to plaintiff's second set of requests for admissions and requests for production of documents. As defense counsel accurately observes, under this court's February 5, 2007 discovery order, responses to written discovery requests are due forty-five days after the discovery request in question is served. Defendant Kissinger responded to plaintiff's second set of requests for admissions and requests for production of documents in accordance with the court's order. (Defs. Ex. D.) Accordingly, the court will not deem defendant Kissinger's objections waived as untimely.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 29, 2009 supplemental motion to compel (Doc. No. 91) is granted in part; and

2. Within thirty days of the date of this order, defendants Brewer and Kissinger shall submit further responses to plaintiff's second set of interrogatories.

DATED: October 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wash1994.mtc