IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,                        No. CIV S-06-1994 WBS DAD P

    vs.

J. BROWN, et al.,

    Defendants.               ORDER

/

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2010, defendants filed a motion for judgment on the pleadings. Plaintiff failed to timely file a response to the motion and by order filed November 9, 2010 was directed to file within thirty days either an opposition or a statement of non-opposition to the motion. On November 29, 2010, plaintiff filed a document styled as an "Ex parte Request for Court's Protective Order" in which he contends that he has been without access to his legal materials since October 31, 2010. By order filed December 3, 2010, defendants were directed to file a response to that filing within ten days.[1]

---

[1] That order also provided that the court would set a due date for plaintiff's response to the motion for judgment on the pleadings in subsequent order. As discussed infra, the motion is now fully briefed. Accordingly, that part of the December 3, 2010 order is vacated.

On December 9, 2010, defendants filed a response in which they represent that plaintiff has had full access to his legal materials since December 2, 2010. On December 10, 2010, plaintiff filed his opposition to defendants' motion for judgment on the pleadings, and on December 16, 2010, defendants filed their reply brief.

On December 27, 2010, plaintiff filed a declaration in response to the declaration of counsel appended to defendants' December 9, 2010 response. Therein, plaintiff avers that he received only three of four boxes of legal property and he requests a court order requiring prison officials to provide him with the fourth box of materials. On January 3, 2011, a notice was issued setting a briefing schedule with respect to that request, pursuant to which defendants' response was due on January 24, 2011. Defendants have not filed a response. On January 19, 2011, plaintiff filed a request to proceed with this action without further delay. Therein, plaintiff represents that he now has the materials he needs to proceed with this action, but he seeks an order requiring defense counsel to "contact prison officials at [Kern Valley State Prison] to provide plaintiff with the four clear ball point pens and seven # 2 pencils that were lost/destroyed in one box of confiscated materials." Plaintiff's Reply to Court's Notice of Local Rule 230(l).

Plaintiff's amended requests is based, at most, on an unauthorized deprivation of personal property not subject to remedy in a federal civil rights action where the state provides "a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress for his lost property in the state system, he cannot seek such relief in this action.

Moreover, the alleged loss of pens and pencils does not constitute actionable interference with plaintiff's right to access the court particularly where, as here, plaintiff has represented his readiness to proceed with this action.

/////

/////

1   For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's
2   December 27, 2010 request for a court order is denied.
3   DATED: January 26, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
wash1994.o3