IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,                      No. 2:06-cv-1994 WBS DAD (PC)

  vs.

J. BROWN, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff is proceeding on claims raised in his second amended complaint, including the RLUIPA claims that are the subject of defendants' motion for judgment on the pleadings now pending before the court. Specifically, plaintiff claims that defendants Brewer, Kissinger, and Mohamed violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by intentionally denying him the opportunity to participate in the Ramadan fast and by refusing to provide him with obligatory make-up Ramadan food trays. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief and such other relief as the court deems appropriate.

        Defendants have moved for judgment on the pleadings on plaintiff's claims under RLUIPA on the ground that money damages are unavailable under RLUIPA against defendants

1

in either their official or their individual capacities. In this regard, the United States Supreme Court has recently held that money damages are unavailable for RLUIPA claims against defendants sued in their official capacity. See Sossamon v. Texas, __ U.S. __, 131 S.Ct. 1651, 1663 (2011). Thus, defendants are entitled to judgment on the pleadings on plaintiff's RLUIPA claims to the extent that plaintiff seeks damages against them in their official capacities and this court intends to so recommend in the event the parties do not stipulate to dismissal of these claims within the next forty-five days.

The question that remains is whether money damages are available on plaintiff's RLUIPA claims against defendants in their individual capacities. The United States Supreme Court has not resolved that question and the United States Court of Appeals for the Ninth Circuit has expressly reserved the issue. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 n.3 (9th Cir. 2011).

Four circuit courts have held that RLUIPA does not authorize suits for damages against government officials in their individuals capacities. See Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009); Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); Sossamon v. Texas, 560 F.3d 316, 327-29 (5th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1271-75 (11th Cir. 2007). The rationale of these courts is grounded in their determination that RLUIPA was enacted pursuant to Congress' authority under the Spending Clause of the United States Constitution. See, e.g., Rendelman, 569 F.3d at 187-88. Relying on Pennhurst State School & Hospital v. Halderman, 451 U.S. 1 (1981), the court in Rendelman held that RLUIPA does not contain "clear notice" that receipt of federal funds is conditioned on the availability of damages against individual state officials in their individual capacities. See Rendelman, 569 F.3d at 187-88. Similarly, in Sossamon the Fifth Circuit reasoned that, as a Spending Clause enactment, RLUIPA "operates like a contract, and individual RLUIPA defendants are not parties to the contract in their individual capacities." Sossamon, 560 F.3d at 328-29. In so doing, the Fifth Circuit adopted the reasoning of the Eleventh Circuit in Smith. Id. See also Nelson, 570 F.3d at 887-88.

In Nelson the Seventh Circuit was in turn persuaded by the reasoning of the Fifth and Eleventh Circuits, and expressed concern that "[c]onstruing RLUIPA to provide for damages actions against officials in their official capacities would raise serious questions regarding whether Congress had exceeded its authority under the Spending Clause." Nelson, 570 F.3d at 889. Several district courts, including district courts in the Ninth Circuit in general and in the Eastern District of California in particular, have followed the reasoning of these four circuits. See Kindred v. California Department of Mental Health, 2011 WL 2709104, at *7-9 (E.D. Cal. July 12, 2011) (and cases cited therein).

Other district courts, however, have held that RLUIPA does permit damages suits against state actors in their individual capacities. In fact, the undersigned had previously adopted that analysis, stating as follows:

> RLUIPA's provision authorizing a cause of action states: "A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C.A. § 2000cc-2(a). However, the Act defines "government" to include:
>
>> (i) a State, county, municipality, or other governmental entity created under the authority of a State;
>>
>> (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and
>>
>> (iii) any other person acting under color of State law....
>
> 42 U.S.C.A. § 2000cc-5(4)(A).
>
> As several courts have recognized in unpublished opinions, if Congress had not added subsection (iii), RLUIPA would only contemplate claims against officials in their official capacity. However, by including language that tracks that found in 42 U.S.C. § 1983, Congress appears to have intended RLUIPA to authorize claims against all persons amenable to suit under § 1983. See, e.g., Daker v. Ferrero, No. 1:03-CV-02481-RWS, 2006 WL 346440 at *9-10 (N.D.Ga. Feb.13, 2006); Agrawal v. Briley, No 02-C-6807, 2006 WL 3523750 at *9-13 (N.D.Ill.Dec.6, 2006) (and cases cited therein); see also Jama v. U.S. Immigration and Naturalization Serv., 343 F.Supp.2d 338, 374 (D.N.J.2004) (interpreting

3

> RLUIPA's predecessor statute, RFRA). RLUIPA provides that claimants may obtain "appropriate relief." Although the provision does not expressly state that monetary damages are available, it also does not preclude them. Accordingly, this court concludes that plaintiff may proceed on his RLUIPA claims for monetary damages against defendants in their individual capacities.

Bess v. Alameida, No. CIV. S-03-2498, 2007 WL 2481682, at *21 (E.D. Cal. Aug. 29, 2007).[1]

RLUIPA provides in relevant part:

(a) General rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(b) Scope of application

This section applies in any case which--

(1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or

(2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

42 U.S.C. § 2000cc-1. The statute creates a cause of action as follows:

> A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under Article III of the Constitution.

42 U.S.C. § 2000cc-2. Under the statute the term "government" in relevant part

---

[1] However, two of the district court decisions cited and relied upon in Bess are from courts in the Seventh and Eleventh Circuits and thus could no longer reach the same conclusion in light of the decisions in Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009) and Smith v. Allen, 502 F.3d 1255, 1271-75 (11th Cir. 2007).

      (A) means--

           (i) a State, county, municipality, or other governmental entity created under the authority of a State;

           (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and

           (iii) any other person acting under color of State law;

           ....

42 U.S.C. § 2000cc-5.

      The phrase "acting under color of State law" has specific jurisprudential meaning dating back at least sixty years. The United States Supreme Court long ago held that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326 (1941). Twenty years later, the United States Supreme Court surveyed subsequent Congressional enactments, particularly civil rights statutes, containing the phrase, as well as its precedent, and concluded that the meaning given to that phrase in the Classic decision endured. in Monroe v. Pape, 365 U.S. 167, 184-87 (1961), overruled on other grounds by Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). In particular, in Monroe, the Court held that the phrase "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory" in 42 U.S.C. § 1983 carried the meaning given the phrase "under color of State law" in Classic and subsequent decisions. The phrase "under color of state law" as used in 42 U.S.C. § 1983 applies equally to RLUIPA. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

      The United States Supreme Court has several times explained the difference between a suit against a government official in an official capacity, and a suit against a government official in an individual capacity. As the Court set forth in Kentucky v. Graham, 473 U.S. 159, 165-66 (1985):

> [p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Brandon, supra, 469 U.S., at 471-472, 105 S.Ct., at 878. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

The Supreme Court reiterated the distinctions between such suits in Hafer v. Melo, 502 U.S. 21, 25 (1991), stating:

> Suits against state officials in their official capacity . . . should be treated as suits against the State. [Kentucky v. Graham], 473 U.S., at 166, 105 S.Ct., at 3105.... Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, supra, at 166, 105 S.Ct., at 3105 (quoting Monell, supra, 436 U.S., at 694, 98 S.Ct., at 2037). For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. 473 U.S., at 167, 105 S.Ct., at 3105.
>
> Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id., at 166, 105 S.Ct., at 3105.

From the foregoing, this court concludes that, by including "any other person acting under color of State law" in RLUIPA's definition of "government", Congress intended to include suits against state officials in their individual capacities in the remedial provisions of RLUIPA. Sections (i) and (ii) of the statutory definition of government include both the state

1   and state officials in their official capacity.  See 42 U.S.C. § 2000cc-5(A)(i), (ii).  Section (iii)
2   appears to be redundant unless it is a reference to individual capacity suits.

3           At least three of the circuit courts that have held that RLUIPA does not authorize
4   suits for damages against government officials in their individuals capacities acknowledge that
5   the plain language of RLUIPA contemplates the creation of a cause of action for damages against
6   defendants in their individual capacities.  See Nelson, 570 F.3d at 886; Sossamon, 560 F.3d at
7   328; Smith, 502 F.3d at 1272.  As noted above, however, all three have concluded that finding
8   that RLUIPA includes actions for damages against government officials in their individual
9   capacities would raise serious constitutional questions regarding such an enactment under the
10  Spending Clause.

11          The parties have not addressed two questions relevant to resolution of the pending
12  motion:  first, whether 42 U.S.C. § 2000cc-5(A)(iii), construed as authorizing an individual
13  capacity suit against state actors, may be upheld under section 5 of the Fourteenth Amendment;
14  or, alternatively, whether a § 1983 action may be brought against state actors in their individual
15  capacities for money damages based on alleged violations of RLUIPA.

16          Good cause appearing, defendants' motion for judgment on the pleadings will be
17  denied without prejudice to its renewal within forty-five days from the date of this order.  Should
18  defendants choose to renew their motion, in addition to any other matters that they believe
19  relevant to the renewed motion, they shall address the two questions set forth in the preceding
20  paragraph.

21          For the reasons set forth above, IT IS HEREBY ORDERED that defendants'
22  October 11, 2010 motion for judgment on the pleadings is denied without prejudice to its
23  renewal, within forty-five days of this order.  Should defendants choose to renew their motion,
24  /////
25  /////
26  /////

1 in addition to any other matters that may be relevant to the renewed motion they shall address the
2 two questions set forth above.

3 DATED: August 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
wash1994.fb